# Exhibit E

**Warren Wolf**

**From:** rory tringali <rorytringali@me.com>
**Date:** April 3, 2014 10:09:27 PM EDT
**To:** Moreno <lasermmoreno@gmail.com>
**Subject:** tax returns great for IIRS

Hope you reported well you and pussy in Austin

AP 14 08 10.174

**Form 1120S**

Department of the Treasury
Internal Revenue Service

**U.S. Income Tax Return for an S Corporation**

▶ Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.
▶ See separate instructions.

OMB No. 1545-0130

**2007**

For calendar year 2007 or tax year beginning _____, 2007, ending _____

A S election effective date
8/15/2001

B Business code number

Use the IRS label. Other-wise, print or type.

MEDPRO, INC
23 RIDING RUN DRIVE
MARLTON, NJ 08053

C Employer identification number
23-3018985

D Date incorporated
8/15/2001

E Total assets
70,52

---

**Form 1120S**

Department of the Treasury
Internal Revenue Service

**U.S. Income Tax Return for an S Corporation**

▶ Do not file this form unless the corporation has filed Form 2553 to elect to be an S corporation.
▶ See separate instructions.

OMB No. 1545

**200**

For calendar year 2006 or tax year beginning _____, 2006, ending _____

A S election effective date
8/15/2001

Use the IRS label. Other-wise,

MEDPRO, INC
23 RIDING RUN DRIVE
MARLTON, NJ 08053

G Employer identification number
23-3018985

D Date incorporated
8/15/2001

---

**Form 1120S**

Department of the Treasury
Internal Revenue Service

**U.S. Income Tax Return for an S Corporation**

▶ Do not file this form unless the corporation has filed Form 2553 to elect to be an S corporation.
▶ See separate instructions.

OMB No.

**20**

For calendar year 2005 or tax year beginning _____, 2005, and ending _____

A S election effective date
8/15/2001

Use the IRS label. Other-wise, print or type.

MEDPRO, INC
23 RIDING RUN DRIVE
MARLTON, NJ 08053

G Employer identification number
23-3018985

D Date incorporated
8/15/2

454390

E Check applicable boxes: (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change  (5) ☐ Am

G Enter number of shareholders in the corporation at end of the tax year ▶

Caution: Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | | |
|---|---|---|---|---|---|
| 1a | Gross receipts or sales | 4,284,420. | b Less returns and allowances | 88,850. | c Bal ▶ 1c |
| 2 | Cost of goods sold (Schedule A, line 8) | | | | 2 |
| 3 | Gross profit. Subtract line 2 from line 1c | | | | 3 |
| 4 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | | | 4 |
| 5 | Other income (loss) (attach statement) | | | | 5 |
| 6 | Total income (loss). Add lines 3 through 5 | | | | 6 |
| 7 | Compensation of officers | | | | 7 |
| 8 | Salaries and wages (less employment credits) | | | | 8 |
| 9 | Repairs and maintenance | | | | 9 |
| 10 | Bad debts | | | | 10 |
| 11 | Rents | | | | 11 |
| 12 | Taxes and licenses | | | SEE STATEMENT 1 | 12 |
| 13 | Interest | | | | 13 |
| 14a | Depreciation (attach Form 4562) | 14a | 2,130. | | |
| 14b | Depreciation claimed on Schedule A and elsewhere on return | 14b | | | |
| 14c | Subtract line 14b from line 14a | | | | 14c |
| 15 | Depletion (Do not deduct oil and gas depletion.) | | | | 15 |
| 16 | Advertising | | | | 16 |
| 17 | Pension, profit-sharing, etc., plans | | | | 17 |
| 18 | Employee benefit programs | | | | 18 |
| 19 | Other deductions (attach statement) | | | SEE STATEMENT 2 | 19 |
| 20 | Total deductions. Add the amounts shown in the far right column for lines 7 through 19 | | | | 20 |
| 21 | Ordinary business income (loss). Subtract line 20 from line 6 | | | | 21 |
| 22a | Tax on excess net passive income (attach schedule) | 22a | | | |
| 22b | Tax from Schedule D (Form 1120S) | 22b | | | |

# Exhibit F

LAW OFFICE OF
# GOLDBERG & WOLF, L.L.C.

WARREN S. WOLF*
JORDAN B. GOLDBERG*
JONATHAN M. ROMVARY*

*MEMBER NJ & PA BARS

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003

856-651-1600
FAX 856-651-1615

April 28, 2014

**VIA EMAIL (lawrence.leven@gmail.com),**
**FACSIMILE (973-228-4496)**
**AND FIRST CLASS MAIL**

Lawrence A. Leven, Esquire
175 Fairfield Avenue, Unit 1C
West Caldwell, New Jersey 07006

Re:   Rory Tringali/ Medpro, Inc.

Dear Larry:

We are writing in an effort to mitigate damages Mr. Tringali is causing to Medpro, Inc, through his harassment of its principal, Mike Moreno, tortious interference with its business relations, libel and breach of the non-disparagement clause in the settlement agreement.   We understand Mr. Tringali has parted ways with Justin Williams, but do not understand why Mr. Tringali is bringing Medpro into it.

Your client emails Mr. Moreno copies of Medpro tax returns Mr. Tringali obtained through discovery after Mr. Tringali was indicted for multiple felonies.   Your client advises people that he sits outside Mr. Moreno's house and observes his family activities.   Your client emails Mr. Moreno assessment valuations and other details of Mr. Moreno's home.   This conduct is clearly intended to harass our client and appears criminal in my opinion.

Your client has been emailing Medpro's customers and advising them that Medpro is a scammer and rips off its customers.   This is untrue, defamatory and casting our client in a negative light. The settlement agreement requires Mr. Tringali to pay $5000 per occurrence of this.

Your client has improperly obtained emails involving our client and posted them on a website he built to tarnish the reputations of Justin Williams and his wife.   This appears to be a further effort to harass, defame and disparage our client.

Demand is hereby made that your client CEASE and DESIST from (1) further contacting Mr. Moreno (2) attempting to cast Medpro and/or Mr. Moreno in a negative light to Medpro's associates, clients or the general public and (3) posting any information about Medpro or Mr.

Lawrence A. Leven, Esquire
April 28, 2014
page 2

Moreno on your client's Justin Williams attack website or anywhere else on the internet.

    We do not know what your client seeks to obtain by this conduct other than finding himself a defendant in a new lawsuit.   In addition to the $5000 per occurrence remedy, your client's conduct may be deemed a material breach of the settlement agreement which would void the release for the internet email bombs he orchestrated and the other allegations in the federal lawsuit. Kindly be advised our client reserves all rights to seek all damages arising from Mr. Tringali's conduct.

    If you are interested in resolving this amicable, please contact me immediately.

        Sincerely,

        Warren S. Wolf, Esquire
        GOLDBERG & WOLF, LLC

cc:    Kenneth R. Sharpe, D.A.G.
       Medpro, Inc.

LAW OFFICES

# GOLDBERG & WOLF, LLC

WARREN S. WOLF*
JORDAN B. GOLDBERG*
JONATHAN M. ROMVARY*

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY 08003

*MEMBER NJ & PA BARS

856.651.1600
FAX 856.651.1615

## FACSIMILE TRANSMISSION SHEET

DATE:       April 28, 2014

TO:         Lawrence A. Leven, Esquire

FAX NO:     973-228-4496

RE:         Rory Tringali/ Medpro, Inc.

FROM:       WARREN S. WOLF, ESQUIRE

COMMENTS:  Please see attached.

TOTAL PAGES INCLUDING COVER PAGE: ___3___ PAGES

### ***CONFIDENTIAL NOTE***

The documents accompanying this facsimile transmission contain information from the law firm of Goldberg & Wolf, LLC which is confidential and/or legally privileged.   The information is intended only for the use of the individual or entity named on this transmission sheet.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited, and that the documents should be returned to this firm immediately.   In this regard, if you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

P. 1

* * * Communication Result Report ( Apr. 28. 2014 12:34PM ) * * *

Date/Time: Apr. 28. 2014 12:32PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2648 | Memory TX | 19732284496 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                      E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size      E. 6) Destination does not support IP-Fax

LAW OFFICES
GOLDBERG & WOLF, LLC
WARREN S. WOLF*                1160 EXISS ROAD
JORDAN R. GOLDBERG*              SUITE 301
JONATHAN C. ROSSWAY*     CHERRY HILL, NEW JERSEY 08003

*MEMBERS OF PA BAR ALSO               856.651.1600
                                    FAX 856.651.1615

FACSIMILE TRANSMISSION SHEET

DATE:    April 28, 2014

TO:      Laurence A. Leven, Esquire

FAX NO:  973-228-4496

RE:      Barry Tchiga W Miegeve, Inc.

FROM:    WARREN S. WOLF, ESQUIRE

COMMENTS: Please see attached.

TOTAL PAGES INCLUDING COVER PAGE:  3  PAGES

***CONFIDENTIAL NOTE***

The document accompanying this facsimile transmission contains information from the law firm of Goldberg & Wolf, LLC which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited, and that the document should be returned to this firm immediately. In this regard, if you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original document to us at no cost to you.

# Exhibit G

## Warren Wolf

**From:** Alicia Amoroso
**Sent:** Monday, April 28, 2014 3:09 PM
**To:** Warren Wolf
**Subject:** FW: Rory Tringali/Medpro, Inc.

**From:** lawrence leven [mailto:lawrence.leven@gmail.com]
**Sent:** Monday, April 28, 2014 3:05 PM
**To:** Alicia Amoroso
**Subject:** Re: Rory Tringali/Medpro, Inc.

Dear Warren,

I received your email / fax. Rory is out of the country, I believe he will be returning this weekend. I have sent a copy of your letter to him. Upon his return I will discuss the contents of the letter

On Mon, Apr 28, 2014 at 12:39 PM, Alicia Amoroso <AliciaAmoroso@goldbergwolf.com> wrote:

Dear Mr. Leven,

Please find attached hereto correspondence with regard to the above-referenced matter. If you do not receive the attachment, please contact the undersigned.

Thank you,

## Alicia Amoroso

Legal Assistant to the Law Office of

Goldberg & Wolf, LLC

GOLDBERG & WOLF, LLC.

1949 Berlin Road

Suite 201

Cherry Hill, New Jersey 08003

1

Ph <u>856-651-1600 x-307</u> Fax <u>856-651-1615</u>

E-mail: <u>aliciaamoroso@goldbergwolf.com</u>

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender if you have received this email in error, then delete it. Thank you.

IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.

If you are not the intended recipient, please advise the sender immediately.

Unauthorized use or distribution is prohibited and may be unlawful. Phone <u>856.651.1600</u> Fax <u>856.651.1615</u>

Lawrence Leven Attorney At Law
175 Fairfield Avenue, Suite 1C
West Caldwell, NJ 07006
1-973-228-5926 Tel.
1-973-228-4496 Fax
Email: <u>Lawrence.leven@gmail.com</u>

# Exhibit H

## Warren Wolf

**From:** Warren Wolf
**Sent:** Monday, April 28, 2014 5:12 PM
**To:** 'lawrence.leven@gmail.com'
**Subject:** tringali/medpro

Larry,

I appreciate the call and your representation that Mr. Tringali will not send any disparaging emails this week until you and he have a chance to discuss same after he returns from his trip. However, my client continues to be disparaged through his website http://justin-williams-brooke-horan-williams-laser-fraud-crooks.com which falsely claims Moreno and Medpro are partners with Williams. If your client does not remove any and all references to Moreno and Medpro from this website within 24 hours, we will file a lawsuit and seek injunctive relief. As part of an effort to "keep the peace" this week until Tringali returns, please ask him to take all references to Moreno and Medpro off the website immediately.

Assuming all Medpro and Moreno content are immediately removed and nothing else is sent out this week, my client and I will be happy to discuss Tringali's concerns with Moreno in an effort to reach an amicable resolution.

Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Ph 856-651-1600 Fax 856-651-1615
wwolf@goldbergwolf.com

NOTICE: This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential and may be protected by the attorney/ client privilege. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender if you have received this email in error, then delete it.
IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

1

# Exhibit 2

Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
856-651-1600
Attorneys for Plaintiffs




| MICHAEL MORENO AND<br>MEDPRO, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RORY E. TRINGALI<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>CHANCERY DIVISION<br><br>C- 2 2      -14<br><br>PLAINTIFFS' MEMORANDUM OF LAW<br>IN SUPPORT OF ORDER TO SHOW<br>CAUSE |
|---|---|

## STATEMENT OF FACTS

The facts contained within the Verified Complaint and incorporated herein and not

repeated for the sake of brevity.

## LEGAL ARGUMENT

A.   PRELIMINARY INJUNCTION IS APPROPRIATE IN THIS CASE

Preliminary injunctive relief is appropriate when: (1) the granting of such relief is

necessary to prevent irreparable harm to the plaintiff; (2) the applicable underlying law is well

settled; (3) the plaintiff has made a preliminary showing of reasonable probability of success on

the merits; and (4) the inconvenience or loss to the opposing party will be minimal.  Crowe v.

DeGioia, 90 N.J. 126, 132-134 (1982).   A preliminary injunction is issued to preserve the subject

matter of the controversy pending the determination of the controversy at a final hearing.  Poff v.

Caro, 228 N.J. Super. 370, 375 (Law Div. 1987).



**1.**   **Plaintiffs Will Continue to Suffer Irreparable Harm if the Preliminary Injunction is not Granted**

"Irreparable harm" is generally defined in equity as the type of harm "that cannot be redressed adequately by monetary damages." Crowe, 90 N.J. at 132-33. The inadequacy of money damages depends on the "nature of the injury or the right affected." Id. at 133.   When damages cannot be quantified, such harm is considered irreparable.   See, e.g., J.H. Renarde, Inc. v. Sims, 312 N.J. Super. 195, 203 (Ch. Div.1998); Nat'l Starch and Chem. Corp. v. Parker Chem. Corp., 219 N.J. Super. 158, 163 (App. Div. 1987); United Board and Carton Corp. v. Britting, 63 N.J. Super. 340 (App. Div. 1960).

To this end, diversion of a company's customers may constitute irreparable harm. J.L. Kislak, Inc. v. Artof, 13 N.J. Misc. 129, 132 (Ct. Ch.1935).   This is so because the extent of the injury to the business as a result of this type of conduct cannot be readily ascertained, and as such, does not lend itself to a straightforward calculation of money damages.   Samsung Am., Inc. v. Park, 2006 WL 3627072, *15 (N.J. App. Div. December 11, 2006).   See also Pappan Enters., Inc. v. Hardee's Food Sys., Inc., 143 F.3d 800, 805 (3d Cir.1998) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill."); Opticians Ass'n v. Indep. Opticians, 920 F.2d 187, 195 (3d Cir.1990) (same). In a competitive industry where consumers are loyal, we believe that loss of market share is a "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801. As a result of the conduct of the Defendant, Plaintiffs have suffered, and will continue to suffer, irreparable harm.   Plaintiffs' customer base includes the recipients of Defendant's defamatory emails.   Plaintiffs' customers and potential customers constantly search the internet to evaluate whether to do business with the Plaintiffs prior to purchasing their products.   Such present and

2

future customers will inevitably find the Defendants malicious attack website.   The emails and website contact cause Plaintiffs to lose business and tarnish their reputations.   Such a loss cannot be readily ascertained, and therefore, does "not lend itself to a straight calculation of money damages."  Samsung Am., Inc., 2006 WL 3627072, at *15.   There is no way to determine how many sales Plaintiffs have lost because potential customers went elsewhere after reading the Defendant's attack website.

Defendants' tormenting of the Plaintiffs with email, texts and unwanted visits to his home constitutes additional irreparable harm.   Defendant's twisted use of the Plaintiff's tax returns Defendant obtained from the State in his criminal case serve no purpose, but to intentionally inflict emotional distress on the Plaintiffs.   Such malicious conduct cannot be compensated with monetary damages.

2.   <u>The Underlying Law is Well-Settled</u>

If a competitor uses unlawful means to compete, then it can be liable for unfair competition, <u>C.R. Bard, Inc. v. Wordtronics Corp.</u>, 235 N.J. Super 168, 174 (Law Div. 1989). "Unlawful means" may include fraud, intimidation, misrepresentation, threats of civil or criminal action, or other violations of the law, <u>Id.</u>  (citing <u>McCue v. Deppert</u>, 21 N.J. Super 591, 595-96 (App. Div. 1952)).   To this end, the tort of interference with existing or prospective business relations is well-settled.   The New Jersey Supreme Court set forth the elements of such a claim:

1)  .    plaintiff must have had a reasonable expectation of economic advantage;

2)    defendant must have interfered with intentionally and with malice;

3)    defendant's interference must have caused the loss of Plaintiff's prospective gain; and

4)    the injury must have caused damage.

EZ Sockets, Inc. v. Brighton-Best Socket Screw Mfg., Inc., 307 N.J. Super. 546, 558 (1996)(citing Printing Mart v. Sharp Electronics, 116 N.J. 739, 351 (1980).   While it is true that a business may induce a third party not to do business with a competitor, it may not use wrongful means to do so. Id. at 559.

The law is well-settled in this area and Plaintiffs are entitled to relief.   Defendant's tactic of falsely advising Plaintiffs' customers via email and his attack website that Plaintiffs rip people off and commit frauds is defamatory and violates the Confidential Settlement Agreement entered into by the parties.   There is no justification Defendant can offer for such hateful conduct or Defendant's intentional infliction of emotional distress upon Plaintiffs.

3.    Plaintiff Has Established a Likelihood of Success on the Merits of Its Claims

Plaintiffs have established that Defendant made defamatory statements about it to customers of Plaintiffs' product and Plaintiffs' business associates, and has threatened, bullied and strong-armed Plaintiff presumably in an effort to scare him out of the business.   Defendant has tortiously interfered with Plaintiffs' business relationships.   There is no valid defense to this claim.   The malicious attack website is presumably causing Plaintiffs to lose customers they do not even know about and will likely be unable to prove financial losses resulting from the attack website.

In short, Plaintiff is likely to succeed on the merits of its claims.   As such, a preliminary injunction should be entered in Plaintiffs' favor.

4

4.   <u>The Equities Balance in Favor of Plaintiff</u>

A balancing of the equities favors the Plaintiff.   If Defendant is enjoined from defaming Plaintiffs and contacting the Plaintiffs and their customers, virtually no harm will occur to the Defendant.       On the other hand, if Defendant is permitted to continue to threaten and intimate Plaintiffs' customers and business contacts, Plaintiff will, in all likelihood, have its reputation destroyed.   Plaintiffs' reputation as an industry leader has been built up over 13 years in the industry.   It will be nearly impossible to compensate such a loss of good will with monetary damages.   The only way Plaintiffs can compete fairly is for the Defendant to follow the terms of the Settlement Agreement and not cast Plaintiffs in a negative light.

Moreover, if Defendant is restricted from contacting Plaintiffs and stalking out   their house and family activities, no loss will come to Defendant.   However, if Defendant keeps up his bullying conduct, Plaintiffs have to keep looking over their shoulder for the mafia- style threats contained within Defendant's Vigilantes 4 Justice emails.   Equity favors the Plaintiffs.


## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Honorable Court enter the Preliminary Injunction requested in the form of order.


GOLDBERG & WOLF, LLC


Dated:  5-6-19                          BY: _____
                                             Warren S. Wolf, Esquire

# Exhibit 3

FILED WITH THE COURT

MAY 12 2014

KAREN L. SUTER, J.S.C.

GOLDBERG & WOLF, LLC
Warren S. Wolf, Esquire
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
856-651-1600
Attorneys for Plaintiffs

| | |
|---|---|
| MICHAEL MORENO and MEDPRO, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RORY E. TRINGALI<br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>CHANCERY DIVISION<br><br>C- 0 8 2 -14<br><br>ORDER TO SHOW CAUSE WITHOUT<br>TEMPORARY RESTRAINTS |

THIS MATTER having been brought before the Court by Warren S. Wolf, Esquire,

attorney for Plaintiffs, Michael Moreno and Medpro, Inc., seeking relief by way of preliminary

injunction on the return date set forth below pursuant to R.4:52, based upon the facts set forth in

the Verified Complaint and Memorandum of Law filed herewith and for good cause shown;

IT IS on this _12_ day of _May_, 2014 ORDERED that Defendant, Rory E.

Tringali, appear and show cause before the Superior Court, in Courtroom _1_ at the Burlington

County Courthouse, ~~49 Rancocas Road~~ Historic-120 High Street in Mount Holly, New Jersey at _9:00_ o'clock in the

~~fore~~ noon or as soon thereafter as counsel can be heard, on the _23_ day of _May_, 2014

why an order should not be issued preliminarily enjoining, restraining and ordering Rory E.

Tringali as follows:

1.  Defendant must immediately remove all references to either Plaintiff on the

    website http://justin-williams-brooke-horan-williams-laser-fraud-crooks.com or

    any other websites upon which the Defendant can control their content.

2.   Defendant must cease and desist from defaming the Plaintiffs or attempting to cast the Plaintiffs in a negative light to anyone;

3.   Defendant must cease and desist from contacting any of Plaintiffs' customers;

4.   Defendant must cease and desist from attempting to contact the Plaintiffs;

5.   The Defendant shall not be permitted to be within a one (1) mile radius of the of Moreno's home located at 17 Tuxedo Court, Marlton, New Jersey;

6.   Defendants must not defame or disparage Plaintiffs, within the business community.

7.   Defendant must immediately delete any posts about the Plaintiffs on any community websites, blogs, industry chat rooms, reviews, etc. which cast either Plaintiff in a negative light.

And **IT IS** further **ORDERED** that:

1.   A copy of this Order to Show Cause, Verified Complaint and Memorandum of Law and any supporting affidavits or certifications submitted in support of this application may be served upon the Defendant's attorney, Lawrence A. Leven, Esquire, by Federal Express overnight mail at 175 Fairfield Avenue, Unit 1C, West Caldwell, New Jersey 07006 within 3 days of the date hereof, in accordance with R.4:4-3 and R. 4:4-4, this being original process.

2.   The Plaintiff must file with the Court its proof of service of the pleadings on the Defendant no later than _7_ days before the return date.

2

3.   Defendant shall file and serve a written response to this Order to Show Cause and the request for entry of injunctive relief and proof of service by *May 16*, 2014. The original documents must be filed with the Clerk of the Superior Court in the county listed above.   A list of these offices is attached.   You must send a copy of your opposition papers directly to the Judge whose name appears at the bottom of this Order, whose address is 49 Rancocas Road, Mount Holly, New Jersey.   You must also send a copy of your opposition papers to Plaintiff's attorney whose name and address appear above.   A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ 135.00 and serve your opposition on your adversary, if you want the Court to hear your opposition to the injunctive relief the Plaintiff is seeking.

4.   The Plaintiff must file and serve any written reply to the Defendant's order to show cause opposition by *May 19*, 2014.   The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge whose name appears on the bottom of this Order.

5.   If any Defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default as to each defaulting Defendant, provided that the Plaintiff files a proof of service and a proposed form or order timely.

6.   If the Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope, with

return address and postage) must be submitted to the court no later than three (3) days before the return date.

7. Defendant take notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey.   The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit.   If you dispute this Complaint, you or your attorney, must file a written answer to the Complaint and proof of service within 35 days from the day of service of his order to show cause; not counting the day you receive it.

These documents must be filed with the Clerk of the Superior Court in the county listed above.   A list of these offices is provided.   Include a $135.00 filing fee payable to the "Treasurer, State of New Jersey."   You must also send a copy of your Answer to the Plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney is named above.   A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default.   Please note:   Opposition to the Order to Show Cause is not an Answer and you must file both.   Please note further:   if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief Plaintiff demands.

8. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live.   A list of these offices is attached.   If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.   A list of these numbers

4

is also provided.

9.   The Court will entertain argument, but not testimony, on the return date of the
Order to Show Cause, unless the Court and parties are advised to the contrary prior
to the return date.

_Karen Suter_
Honorable Karen L. Suter, P.J.Ch.

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(210) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., PO Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House

1 North Broad Street, PO Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(609) 735-2611
LEGAL SERVICES
(609) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
PO Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., PO Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
PO Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 475-2010

# Exhibit 4

# *LAW OFFICE OF LAWRENCE A. LEVEN*

*175 Fairfield Avenue, Unit 1C*
*West Caldwell, New Jersey 07006*
*Telephone: (973) 228-5926  Facsimile: (973) 228-4496*
*Email: Lawrence.leven@gmail.com*
*Gregory.abramson.@gmail.com*

LAWRENCE A. LEVEN
GREGORY S. ABRAMSON

May 14, 2014

**Via Fax (609) 826-7069**
Hon. Karen L. Suter
Burlington County Courthouse
49 Rancocas Road
Mont. Holly, New Jersey 08060

    Re: Moreno et al. v. Tringali
      Docket No: C32-14

Dear Judge Suter,

  Yesterday, pursuant to a court order I received a fed-ex with a verified complaint and order to show cause for the defendant Rory E. Tringali.

  I am not sure what representation Mr. Wolf made to Your Honor, but I can only assume you were misled. I am the <u>former</u> attorney for Mr. Tringali. I represented him for criminal charges which were dismissed by Judge Delehay in December 2012 and a federal civil suit instituted by Mr. Wolf. The civil suit was settled almost two years ago.

  Recently I received a phone call from Mr. Wolf alleging a violation of a settlement agreement executed in connection with the civil suit. A copy of his letter and my email response is attached to his moving papers. He requested I contact Mr. Tringali in an attempt to resolve his client's accusations. I specifically told Mr. Wolf that I was not involved, other than passing the message.

I never told Mr. Wolf I would accept service on behalf of Mr. Tringali. Whether the Burlington County Court has jurisdiction remains to be seen, but with respect, there is nothing in R. 4:4-4 which allows an in personam action by substituted service on a party's former lawyer.

I respectfully request that Your Honor revise paragraph 1 of the order to affect service by a different method.

Respectfully

Lawrence A. Leven

LAL/kf
Cc: Warren S. Wolf
    Via Fax: (856) 651-1615

# Exhibit 5

LAW OFFICE OF
# GOLDBERG & WOLF, L.L.C.

WARREN S. WOLF*
JORDAN B. GOLDBERG*
JONATHAN M. ROMVARY*

*MEMBER NJ & PA BARS

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003

856-651-1600
FAX 856-651-1615

June 13, 2014

Honorable Karen L. Suter, P.J.Ch.
Burlington County Superior Court
Olde Courthouse, 1st Floor
49 Rancocas Road
Mount Holly, NJ 08060

Re:   Michael Moreno and Medpro, Inc. v. Rory E. Tringali
      Docket No. C-32-14
      Order to Show Cause returnable June 20, 2014 at 9:00am.

Dear Judge Suter:

Enclosed please find an email we received from Justin Williams indicating that Defendant Tringali has recently publicized Justin William's parents' and wife's personal confidential information including social security numbers, home address, telephone numbers and email accounts.   Plaintiff Moreno fears Mr. Tringali may try to obtain and publicize the same pertaining to Mr. Moreno and his family members.

Accordingly, we have added a paragraph 8 to the proposed preliminary injunction sought in this case.   Enclosed please find an original and two copies of the revised order for the Court's consideration at the return date for the Order to Show Cause.

We look forward to addressing these issues with the Court next week.

Respectfully submitted,

Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC

cc:   Rory Tringali *w/ enclosures*
      Client *w/ enclosures*

**Warren Wolf**

| | |
|---|---|
| **From:** | Justin Williams <lasermedical007@me.com> |
| **Sent:** | Saturday, June 07, 2014 9:59 AM |
| **To:** | Warren Wolf |
| **Subject:** | Fwd: Justin mom and dad's info |

Rory;s recent BS he is now posting info on my family, parents, etc.

Begin forwarded message:

**From:** Federico Jose Rodriguez Rodriguez <fjrr15@hotmail.com>
**Subject: Fwd: Justin mom and dad's info**
**Date:** June 3, 2014 7:59:21 AM CDT
**To:** Justin Williams <lasermedical007@me.com>, Justin Williams
<williamsjustin@me.com>, Justin Williams <williamsjustin@mac.com>

Inicio del mensaje reenviado:

> **De:** rory tringali <rorytringali@me.com>
> **Fecha:** 3 de abril de 2014 15:04:16 GMT-4
> **Para:** Federico Rodriquez Dominican <fjrr15@hotmail.com>, Larry Leven
> Attonery At Law <lawrence.leven@gmail.com>
> **Asunto: Justin mom and dad's info**

 AT&T  3:02 PM  56%

 Search                                    Edit

# Williams Carol
Social Security # 383467803

iPhone
(727) 474-7102                     

FaceTime                          

other
cwilli99@me.com

home
310 Hickory Lane
Largo FL 33770
United States

●●●○○ AT&T 📶     3:03 PM     ⏰ 56% 🔋

❮ Search                                    Edit

# John Vernon Williams
Justins dad

home
(505) 888-3131                              

mobile
(801) 647-9206                              

FaceTime                                    

other
islandjvw@gmail.com

Notes

●●●○○ AT&T 📶                3:03 PM                ⏰ 56% 🔋

**‹** Search                                          Edit

# Brooke Horan Williams
SS- 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

iPhone
(512) 529-2929                          

FaceTime                                 

home
zanenolan@me.com                         

work
laserequipmentsales@...                  

home
218 Cedar Hurst Lane
Lakeway TX 78737

GOLDBERG & WOLF, LLC
Warren S. Wolf, Esquire
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
856-651-1600
Attorneys for Plaintiffs

| | |
|---|---|
| MICHAEL MORENO and MEDPRO, INC.<br><br>                    Plaintiffs,<br><br>              v.<br><br>RORY E. TRINGALI<br>                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>CHANCERY DIVISION<br><br>C- 32 -14<br><br>**ORDER ENTERING PRELIMINARY INJUNCTION AGAINST DEFENDANT** |

**THIS MATTER** having been brought before the Court by Warren S. Wolf, Esquire, attorney for Plaintiffs, Michael Moreno and Medpro, Inc., seeking relief of a preliminary injunction via Order to Show Cause and the Court having considered any papers filed in support and against such relief sought, and having heard oral argument on the return date of the Order to Show Cause and for good cause shown;

**IT IS** on this ___ day of _____, 2014 **ORDERED** that Defendant, Rory E. Tringali, is preliminarily restrained, enjoined and directed as follows until further order of this Court:

1.      Defendant must immediately remove all references to Plaintiffs on the website http://justin-williams-brooke-horan-williams-laser-fraud-crooks.com or any other websites upon which the Defendant can control its content.

2.      Defendant must cease and desist from defaming the Plaintiffs or attempting to cast the Plaintiffs in a negative light to anyone;

3.      Defendant must cease and desist from contacting any of Plaintiffs' customers;

4.      Defendant must cease and desist from attempting to contact the Plaintiffs;

5.      The Defendant shall not be permitted to be within a one (1) mile radius of the of Moreno's home located at 17 Tuxedo Court, Marlton, New Jersey;

6.      Defendants must not defame or disparage Plaintiffs within the business community.

7.      Defendant must immediately delete any posts about the Plaintiffs on any community websites, blogs, industry chat rooms, reviews, etc. which cast Plaintiffs in a negative light.

8.      Defendant must refrain from trying to obtain, distribute or publicize any personal information about the Plaintiffs or Michael Moreno's family members including, but not limited to, social security numbers, bank account numbers, tax returns, home addresses or telephone numbers, real estate property values, etc.

And **IT IS FURTHER ORDERED** that a true copy of this order shall be served on all parties or counsel of record within _____ days hereof.


_____
Honorable Karen L. Suter, P.J.Ch.

_____   opposed
_____   unopposed
_____   reasons put on record

2