### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

Warren S. Wolf, Esquire
**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
856-651-1600
Attorneys for Plaintiffs

---

MICHAEL MORENO and
MEDPRO, INC

                    Plaintiffs,

       v.

RORY E. TRINGALI

                  Defendant.

Civil Action No.:
14-CV-04002-JBS-KMW

---

### CERTIFICATION OF WARREN S. WOLF ESQUIRE IN OPPOSITION TO DEFENDANT TRINGALI'S MOTION TO VACATE

I, Warren Wolf, of full age hereby certify follows:

1.    I am an attorney authorized to practice law before this Court and offer this Certification in Opposition to Defendant's Motion to Vacate Default.

2.    Prior to this action being removed to Federal Court, Plaintiffs obtained an Order to Show Cause entered on May 12, 2014 ("OSC") which scheduled a Preliminary Injunction hearing for May 23, 2014. Attached as Exhibit A, is a true copy of the Superior Court's Order to Show Cause entered on May 12, 2014.

3.    The OSC also authorized service of process upon the Defendant through his attorney for the last seven (7) years in litigation pertaining to Plaintiffs, Lawrence Leven, Esquire.

4.     At the time the OSC was entered, attorney Leven was still representing Tringali on the then-pending appeal of a criminal action against Tringali arising from the same facts present in the civil dispute between the parties.

5.     In addition to being current and active counsel for Tringali in the related criminal case, Leven was also counsel to Tringali on the prior federal case in Camden, Civil Case Number 08-3426-JBS-KMW, pertaining to the same facts which led to the entry of the Settlement Agreement that Plaintiff seeks to enforce in this present federal action.

6.     In compliance with the OSC, I served a copy of the Verified Complaint, Memorandum of Law in Support of the Preliminary Injunction and signed Order to Show Cause Under letter dated May 12, 2014 by overnight mail upon Leven which was proper service of process as ordered by the Superior Court.

7.     Mr. Leven then faxed a letter to the Court dated May 14, 2014 wherein he misled the Court into believing that he was the former attorney for Mr. Tringali and was not presently representing Mr. Tringali on the pending appeal of his criminal case. Attached as Exhibit B, is a true copy of attorney Leven's letter of May 14, 2014 to Judge Suter indicating he is the former attorney.

8.     Mr. Leven's statement was untrue since the Appellate Division advised me on May 14, 2014 that Mr. Leven was current counsel to Mr. Tringali on the the-pending appeal of the dismissal of the criminal case. Attached as Exhibit C is a true copy of my letter to Judge Suter confirming Mr. Leven was still current counsel to Mr. Tringali in the Appellate Division.

9.     Based upon Mr. Leven's misrepresentation, Judge Suter directed to me to serve to Tringali personally which required the Preliminary Injunction hearing to be delayed and rescheduled from May 23, 2014 to June 20, 2014.

10.    Mr. Tringali was personally served with the OSC, Verified Complaint and Memorandum of Law on May 27, 2014.  Attached as Exhibit D is a true copy of the Affidavit of Service upon Mr. Tringali at his home.

11.    After advising the State Court he was not authorized to represent Tringali in this case and just before the second return date for the Preliminary Injunction hearing of June 20, 2014, Leven then further delayed the entry of a Preliminary Injunction by filing papers in Federal Court to remove the action to Federal Court.[1]

12.    Plaintiffs then drafted and filed in federal court a new Order to Show Cause package with brief citing federal law which I personally served upon Tringali's counsel, Leven, by overnight mail on June 25, 2014. See District Court docket document number 4.

13.    The federal Order to Show Cause was entered by the Honorable Jerome B. Simandle, Chief U.S.D.J. on June 26, 2014 and served on Leven on June 26, 2014. See District Court's docket at document number 5.

14.    Leven and Tringali failed to appear at the Preliminary Injunction hearing on July 23, 2014 and a Preliminary Injunction Order was entered by the Court on July 24, 2014.  See District Court's docket at documents numbered 9 and 10.

---

[1] Since a defendant has a statutory right to remove a case to federal court, most removals are not filed for delay purposes.  However, this removal screams delay/ improper purpose since Leven failed to show up for the Preliminary Injunction hearing or file any papers at all after he removed the action.  Further, Leven claims Tringali was looking for counsel closer to Camden, but *Leven* put the case in Camden by removing it from Mount Holly which is 30 minutes closer to Leven's office in West Caldwell.  Lastly, new counsel Robert Vort, Esquire of Hackensack is even further from Camden.

15.     Pursuant to Court order, I served the Preliminary Injunction entered on July 24, 2014 upon Leven by first-class mail and Tringali by certified mail, return receipt requested, and first class mail on July 24, 2014.  Attached as Exhibit E is a true copy of my letter of July 24, 2014 serving the Preliminary Injunction upon Tringali and Leven.

16.     Attached as Exhibit F is a true copy of Leven's Entry of Appearance for Tringali in the prior federal action under docket number 08-3426-JBS-KMW.

17.     Attached as Exhibit G is a true copy of the Counterclaim filed by Tringali in the prior federal action.

18.     Attached as Exhibit H is a true copy of the Preliminary Injunction entered by the Court on July 24, 2014.

19.     Attached as Exhibit I is a true copy of an email wherein Rory Tringali appears to claim he owns the website domain  www.cosmeticlaserfraud.com as well as many other domains.

20.     Attached as Exhibit J is a true copy of various pages I personally printed off the website www.cosmeticlaserfraud.com on October 24, 2014 and October 27, 2014.


I certify under penalty of perjury that the foregoing is true and correct.


Date:   10/27/14                                      /s/ Warren S. Wolf
                                                      Warren S. Wolf, Esquire
                                                      Attorney for Plaintiffs,
                                                      Michael Moreno and Medpro, Inc.


4

# Exhibit A

FILED WITH THE COURT

MAY 1 2 2014

KAREN L. SUTER, J.S.C.

GOLDBERG & WOLF, LLC
Warren S. Wolf, Esquire
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
856-651-1600
Attorneys for Plaintiffs

| | |
|---|---|
| MICHAEL MORENO and MEDPRO, INC.<br><br>Plaintiffs,<br><br>v.<br><br>RORY E. TRINGALI<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>CHANCERY DIVISION<br><br>C- 0 3 2 -14<br><br>**ORDER TO SHOW CAUSE WITHOUT TEMPORARY RESTRAINTS** |

**THIS MATTER** having been brought before the Court by Warren S. Wolf, Esquire, attorney for Plaintiffs, Michael Moreno and Medpro, Inc., seeking relief by way of preliminary injunction on the return date set forth below pursuant to R.4:52, based upon the facts set forth in the Verified Complaint and Memorandum of Law filed herewith and for good cause shown;

**IT IS** on this _12_ day of _May_, 2014 **ORDERED** that Defendant, Rory E. Tringali, appear and show cause before the Superior Court, in Courtroom _1_ at the Burlington County Courthouse, Historic -120 High Street in Mount Holly, New Jersey at _9:00_ o'clock in the _fore_ noon or as soon thereafter as counsel can be heard, on the _23_ day of _May_, 2014 why an order should not be issued preliminarily enjoining, restraining and ordering Rory E. Tringali as follows:

1.  Defendant must immediately remove all references to either Plaintiff on the website http://justin-williams-brooke-horan-williams-laser-fraud-crooks.com or any other websites upon which the Defendant can control their content.

2.    Defendant must cease and desist from defaming the Plaintiffs or attempting to cast

the Plaintiffs in a negative light to anyone;

3.    Defendant must cease and desist from contacting any of Plaintiffs'

customers;

4.    Defendant must cease and desist from attempting to contact the Plaintiffs;

5.    The Defendant shall not be permitted to be within a one (1) mile radius of the of

Moreno's home located at 17 Tuxedo Court, Marlton, New Jersey;

6.    Defendants must not defame or disparage Plaintiffs, within the business

community.

7.    Defendant must immediately delete any posts about the Plaintiffs on any

community websites, blogs, industry chat rooms, reviews, etc. which cast either

Plaintiff in a negative light.

And **IT IS** further **ORDERED** that:

1.    A copy of this Order to Show Cause, Verified Complaint and Memorandum of Law

and any supporting affidavits or certifications submitted in support of this

application may be served upon the Defendant's attorney, Lawrence A. Leven,

Esquire, by Federal Express overnight mail at 175 Fairfield Avenue, Unit 1C, West

Caldwell, New Jersey 07006 within 3 days of the date hereof, in accordance with

R.4:4-3 and R. 4:4-4, this being original process.

2.    The Plaintiff must file with the Court its proof of service of the pleadings on the

Defendant no later than ___7___ days before the return date.

2

3.  Defendant shall file and serve a written response to this Order to Show Cause and the request for entry of injunctive relief and proof of service by *May 16*, 2014. The original documents must be filed with the Clerk of the Superior Court in the county listed above.   A list of these offices is attached.   You must send a copy of your opposition papers directly to the Judge whose name appears at the bottom of this Order, whose address is 49 Rancocas Road, Mount Holly, New Jersey.   You must also send a copy of your opposition papers to Plaintiff's attorney whose name and address appear above.   A telephone call will not protect your rights; you must file your opposition and pay the required fee of $ 135.00 and serve your opposition on your adversary, if you want the Court to hear your opposition to the injunctive relief the Plaintiff is seeking.

4.  The Plaintiff must file and serve any written reply to the Defendant's order to show cause opposition by *May 19*, 2014.   The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge whose name appears on the bottom of this Order.

5.  If any Defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default as to each defaulting Defendant, provided that the Plaintiff files a proof of service and a proposed form or order timely.

6.  If the Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope, with

3

return address and postage) must be submitted to the court no later than three (3) days before the return date.

7.   Defendant take notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey.   The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit.   If you dispute this Complaint, you or your attorney, must file a written answer to the Complaint and proof of service within 35 days from the day of service of his order to show cause; not counting the day you receive it.

These documents must be filed with the Clerk of the Superior Court in the county listed above.   A list of these offices is provided.   Include a $135.00 filing fee payable to the "Treasurer, State of New Jersey."   You must also send a copy of your Answer to the Plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney is named above.   A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default.   Please note:   Opposition to the Order to Show Cause is not an Answer and you must file both.   Please note further:   if you do not file and serve an Answer within 35 days of this Order, the Court may enter a default against you for the relief Plaintiff demands.

8.   If you cannot afford an attorney, you may call the Legal Services office in the county in which you live.   A list of these offices is attached.   If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.   A list of these numbers

4

is also provided.

9.   The Court will entertain argument, but not testimony, on the return date of the

Order to Show Cause, unless the Court and parties are advised to the contrary prior

to the return date.

_Karen L. Suter_
Honorable Karen L. Suter, P.J.Ch.

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processeing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(210) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., PO Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House

1 North Broad Street, PO Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(609) 735-2611
LEGAL SERVICES
(609) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
PO Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., PO Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
PO Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 475-2010

# Exhibit B

# LAW OFFICE OF LAWRENCE A. LEVEN

*175 Fairfield Avenue, Unit 1C*
*West Caldwell, New Jersey 07006*
*Telephone: (973) 228-5926  Facsimile: (973) 228-4496*
*Email: Lawrence.leven@gmail.com*
*Gregory.abramson.@gmail.com*

LAWRENCE A. LEVEN
GREGORY S. ABRAMSON

May 14, 2014

**Via Fax (609) 826-7069**
Hon. Karen L. Suter
Burlington County Courthouse
49 Rancocas Road
Mont. Holly, New Jersey 08060

Re:  Moreno et al. v. Tringali
Docket No: C32-14

Dear Judge Suter,

Yesterday, pursuant to a court order I received a fed-ex with a verified complaint and order to show cause for the defendant Rory E. Tringali.

I am not sure what representation Mr. Wolf made to Your Honor, but I can only assume you were misled. I am the former attorney for Mr. Tringali. I represented him for criminal charges which were dismissed by Judge Delehay in December 2012 and a federal civil suit instituted by Mr. Wolf. The civil suit was settled almost two years ago.

Recently I received a phone call from Mr. Wolf alleging a violation of a settlement agreement executed in connection with the civil suit. A copy of his letter and my email response is attached to his moving papers. He requested I contact Mr. Tringali in an attempt to resolve his client's accusations. I specifically told Mr. Wolf that I was not involved, other than passing the message.

I never told Mr. Wolf I would accept service on behalf of Mr. Tringali. Whether the Burlington County Court has jurisdiction remains to be seen, but with respect, there is nothing in R. 4:4-4 which allows an in personam action by substituted service on a party's former lawyer.

I respectfully request that Your Honor revise paragraph 1 of the order to affect service by a different method.

Respectfully

Lawrence A. Leven

LAL/kf
Cc: Warren S. Wolf
    Via Fax: (856) 651-1615

# Exhibit C

LAW OFFICE OF

# GOLDBERG & WOLF, L.L.C.

WARREN S. WOLF*
JORDAN B. GOLDBERG*
JONATHAN M. ROMVARY*

*MEMBER  NJ & PA BARS

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003

856-651-1600
FAX 856-651-1615

May 14, 2014

**VIA FACSIMILE (609-518-2599)**
The Honorable Karen L. Suter, P.J.Ch.
Burlington County Superior Court
Olde Courthouse
1st Floor
49 Rancocas Road
Mount Holly, NJ 08060

Re:  Michael Moreno and Medpro, Inc. v. Rory E. Tringali
     Docket No. C-32-14

Dear Judge Suter:

We are writing in response to Mr. Leven's letter to Your Honor sent earlier today.   Mr. Leven is not former counsel to Mr. Tringali in the related criminal case.   As stated in paragraph 65 of our Verified Complaint, he currently represents Mr. Tringali in the Appellate Division on State of New Jersey v. Tringali, docket number A-3420-12.   I personally have just spoken to Appellate Division Team 3 leader Kevin Collins (609-292-6999) who confirmed Mr. Leven filed a brief on behalf of Mr. Tringali, is currently counsel of record for Mr. Tringali and the appeal is still pending a final decision. Clearly, he is not former counsel, but is present counsel.

Mr. Leven admits in his letter that he is in contact with Mr. Tringali.   He does not claim to be unable to reach him and has presumably already forwarded the Complaint, Order to Show Cause and Memorandum of Law to Mr. Tringali.

Accordingly, it was well within Your Honor's discretion to order Mr. Leven to accept service on behalf of his client and the order should stand.

Respectfully submitted,

Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC

cc:   Lawrence Leven, Esquire, via facsimile
      Client, via facsimile

# Exhibit D

2 0 4 0 9 2 1 9 - 1 4 9

MICHAEL MORENO, ET AL

                  vs.

RORY E. TRINGALI

**Plaintiff**

**Defendant**

Superior Court Of New Jersey

BURLINGTON Venue

Docket Number: BUR C 32 14

**Person to be served** (Name and Address):
RORY E. TRINGALI
48 WALTER AVENUE
HICKSVILLE NY XXXXXX    11801
**By serving:** RORY E. TRINGALI

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

**Attorney:** WARREN S. WOLF, ESQ.

Cost of Service pursuant to R. 4:4-3(c)

$ _____.___

**Papers Served:** SUMMONS AND VERIFIED COMPLAINT, EXHIBITS,
PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW
CAUSE, ORDER TO SHOW CAUSE WITHOUT TEMPORARY RESTRAINTS,

Service Data:   [X] Served Successfully    [ ] Not Served

Date/Time:    05/27/2014  @  8:04AM

[ ] Delivered a copy to him/her personally

[X] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Attempts:    Date/Time: _____
                Date/Time: _____
                Date/Time: _____

Name of Person Served and relationship/title:

MR. TRINGALI   (FIRST NAME
                              REFUSED)

CO-RESIDENT

**Description of Person Accepting Service:**
MALE   35-45   5'8-5'10   170-190   WHITE   BLACK
SEX: ___ AGE: _____ HEIGHT: _____ WEIGHT: ___ lbs. SKIN: _____ HAIR: _____ OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] No response on:    Date/Time: _____
                     Date/Time: _____
                     Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

28th   day of  MAY    2014
                                20XX

Notary Signature: _Mary A Lott_

                2/11/18

Name of Notary       Commission Expires

MARY A LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified in Nassau County
Commission Expires February 11, 20XX

I,   RICK LETTAU
was at the time of service a competent adult, over
the age of 18 and not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

_Rick Lettau_   05/28/2014
Signature of Process Server    Date   20__

RICK LETTAU

Name of Private Server: _____

RICK LETTAU

Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952

# Exhibit E

LAW OFFICE OF
# GOLDBERG & WOLF, L.L.C.

WARREN S. WOLF*
JORDAN B. GOLDBERG*
JONATHAN M. ROMVARY*

*MEMBER  NJ & PA BARS

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003

856-651-1600
FAX 856-651-1615

July 24, 2014

Lawrence A. Leven, Esquire
175 Fairfield Avenue, Unit 1C
West Caldwell, New Jersey 07006

> Re:    Moreno et al v. Tringali
>        Civil Action No. 14-CV-04002-JBS-KMW

Dear Larry:

Enclosed please find a copy of the Preliminary Injunction Order entered today and the Court's written opinion.   As directed in the Order, we are also serving same upon your client.

Sincerely,

Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC

cc:    Rory E. Tringali, w/encl.
             via cert mail, RRR and first class mail
       client, w/ out encl., via email

# Exhibit F

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RECEIVED

AUG 0 5 2010

LAWRENCE A. LEVEN, ESQ.
175 FAIRFIELD AVENUE, UNIT 1C
WEST CALDWELL, NJ 07006
(973) 228-5926
Attorney for Defendant Rory Tringali

| | | |
|---|---|---|
| MEDPRO, INC. and PHYSICIANS INFORMATION SERVICES, INC., a Joint Venture, MICHAEL MORENO and JUSTIN WILLIAMS<br><br>Plaintiffs<br><br>v.<br><br>SYNERON, INC., RORY TRINGALI and MATHEW JUSTIN WILNER | :: :: :: :: :: :: :: :: :: :: :: :: | CIVIL ACTION NO:<br>1:08-cv-03426-JBS-KMW<br><br><br><br>SUBSTITUTION OF ATTORNEY |

The undersigned hereby consents to the substitution of LAWRENCE A. LEVEN, as Attorney(s) for the Defendant RORY E. TRINGALI, pro se in the above-entitled cause.


RORY E. TRINGALI, pro se
Withdrawing Attorney

Dated: July 29, 2010


LAWRENCE A. LEVEN
Superseding Attorney

# Exhibit G

# IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

**RORY TRINGALI**
**48 Walter Avenue**
**Hicksville, NY 11801**

| | | |
|---|---|---|
| MEDPRO, INC and PHYSICIANS INFORMATION SERVICES, INC., a Joint Venture, MICHAEL MORENO, and JUSTIN WILLIAMS<br>*Plaintiff,*<br><br>vs.<br>SYNERON, INC., RORY TRINGALI and MATTHEW JUSTIN WILLNER<br><br>*Defendant.* | :: :: :: :: :: :: :: :: :: :: :: :: :: :: :: :: | SUPERIOR COURT OF NEW JERSEY<br>LAW  DIVISION<br>HUDSON  COUNTY<br><br>CIVIL ACTION NO<br>08-3426-JBS-KMW<br><br>CIVIL ACTION<br><br>ANSWER AND COUNTERCLAIM |

Defendant RORY TRINGALI, by way of answer to the complaint, says:

### PARTIES

1. Admits that Medpro is a New Jersey Corporation but has no knowledge or information in regards to whether it is engaged in the business of selling used laser equipment.

2. Admitted

3. Admitted

4. Admitted

5. Defendant admits Medpro and Physicians Inc. are a joint venture but has no knowledge or information to verify the nature and extent of its business.

6. Admitted

7. Denied

8. Admitted

9. Admitted

## JURISDICTION AND VENUE

10. Denied

11. Denied

12. Denied

13. Denied

14. Denied

15. The allegation does not pertain to the defendant Tringali.

## FACTS COMMON AS TO ALL COUNTS

16. Defendant is without sufficient knowledge to either admit or deny the allegation.

17. Defendant is without sufficient knowledge to either admit or deny the allegation.

18. Defendant is without sufficient knowledge to either admit or deny the allegation.

19. Denied

20. Denied

21. Defendant is without sufficient knowledge to either admit or deny the allegation.

22. Defendant is without sufficient knowledge to either admit or deny the allegation.

23. Defendant is without sufficient knowledge to either admit or deny the allegation.

24. Defendant is without sufficient knowledge to either admit or deny the allegation.

25. Defendant is without sufficient knowledge to either admit or deny the allegation.

26. Denied

27. Admitted

28. Admitted

29. Defendant is without sufficient knowledge to either admit or deny the allegation.

30. Defendant is without sufficient knowledge to either admit or deny the allegation.

31. Admitted

32. Admitted

33. Admitted

34. Defendant is without sufficient knowledge to either admit or deny the allegation.

35. Defendant is without sufficient knowledge to either admit or deny the allegation.

36. Denied

37. Denied

38. Denied

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Defendant is without sufficient knowledge to either admit or deny the allegation.

45. Defendant is without sufficient knowledge to either admit or deny the allegation.

46. Denied

## COUNT 1 – VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. 1-30 §1030 ET SEQ.

47. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

48. Defendant leaves the plaintiffs to their proofs.

49. Defendant leaves the plaintiffs to their proofs.

50. Denied

51. Denied

52. Denied

53. Denied

## COUNT II – FALSE DESIGNATION OF ORIGIN UNDER THE LANDHAM ACT

54. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

55. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

56. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

57. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

58. Denied

59. Denied

60. Denied

## COUNT III – COMMON LAW INFRINGEMENT
## AND UNFAIR COMPETITION

61. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

62. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

63. Denied

64. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

## COUNT IV – INFRINGEMENT AND UNFAIR COMPETITION
## IN VIOLATION OF N.J.S.A. §56-4-1

65. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein

66. Denied

67. Denied

68. Denied

## COUNT V – CONVERSION

69. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

70. Denied

71. Denied

72. Denied

73. Denied

## COUNT VI – TORTIOUS INTERFERENCE

74. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

75. Defendant leaves the plaintiffs to its proofs.

76. Denied

77. Denied

78. Denied

79. Denied

80. Denied

## COUNT VII – TRESPASS TO CHATTELS

81. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

82. Denied

83. Denied

84. Denied

## COUNT VIII – NEW JERSEY COMPUTER FRAUD ACT 2A:38A-3

85. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

86. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

87. Denied

88. Denied

89. Denied

90. Denied

## COUNT IX – CAN SPAM ACT 15 U.S.C. § 7703 ET SEQ.

91. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

92. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

93. Denied

94. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

95. The defendant has no information or knowledge to verify the allegation and leaves the plaintiffs to its proofs.

96. Denied

97. Denied.

**COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

98. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

99. Denied

100. Denied

101 Denied

102. Denied

103. Denied

**COUNT XI – CIVIL CONSPIRACY**

104. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

105. Denied

106. Denied

107. Denied.

**COUNT XII – ACCOUNTING**

108. The defendant repeats and realleges all of the answers of every previous paragraph as if fully set forth at length herein.

109. Defendant denies the allegations contained in the paragraph and therefore, cannot provide an accounting.

## COUNTERCLAIM

Defendant Rory Tringali (Tringali), by way of counterclaim against the defendants, says:

## GENERAL FACTUAL ALLEGATIONS

1. Tringali in the year 2000 Tringali was in the business of buying and selling new and used medical equipment. Tringali owned a company known as Equipment Finder's.com, LLC. A key asset of the company was the World Wide Web domain names it owned and operated under which most of the business leads and sales were generated. Such domain names included www.equipment-finders.com, www aesthetic-equipment. com., www.cosmetic-lasers.com, www.dermitology-equipment.com, www.repossessed-medical-equipment.com. Tringali paid for the development and substantially assisted in the look, content and layout of the foregoing websites, Further, Tringali developed and coordinated the creation of the websites so that a third party using an internet search engine would most like hit on Tringali's websites when certain search terms were imputed. Such was the internet search capability of the websites. Tringali cultivated and maintained a database of clients' distributors and resellers.

2. In the summer of 2000, Tringali became was acquainted with Williams. They worked on several deals together buying and reselling medical equipment for profit. Thereafter, Tringali and Williams began discussions regarding them joining their businesses to form one business. Tringali had the knowledge and proven ability to generate substantial business and business leads, through his uniquely marketed and advertised websites.

3. On or about November 2001 an arrangement was reached whereby Tringali and Williams formed  a business association in which leads generated by Tringali's websites would be passed on to Williams in order to generate sales. Any profits as a result of the sale were to be divided between Williams and Tringali.

4. In the latter part of 2003 Tringali became suspicious that Williams was not accurately informing and/or dividing profits which Tringali was entitled to.

5. In December 2003 Tringali informed Williams that he was going to shut down all of his domain sites until a resolution of the problem could be resolved. On December 31, 2003 Tringali notified his webmaster, one Thomas Forbes who resided in Orlando, Florida to take the domain sites down.

6. Forbes received monthly income from Tringali for maintaining and monitoring all of the websites. Terminating the activity of the websites would mean a loss of monthly income to Forbes.

7. When Williams found out that Tringali was terminating the activity of the websites he realized that he would lose numerous leads and potential sales of the medical equipment. Unbeknown to Tringali, Williams convinced Forbes to steal and copy all of the content of Tringali's websites.

8. On or about December 23, 2003 Williams obtained all of the domain sites previously owned by Tringali by adding double dashes between the names. For example, Tringali has a website known as aesthetic-equipment finders.com Williams created the website aesthetic--equipment finders.com. Forbes then transferred the exact content and substance of Tringali's websites to Williams.

9. All of the domain sites which were owned by Williams were registered to either Williams or his wife Brooke Horan out of the State of Utah.

10. Subsequently, in the beginning of 2004, Williams brought into the business the defendant Michael Moreno (Moreno) who formed a corporation known as Medpro in the State of New Jersey.

11. Upon information and belief Williams and/or Horan formed a corporation known as Physicians Information Services, Inc. (Physicians). Physicians and Medpro formed a joint venture

In which leads from the domain sites were generated into sales and the money placed in a bank account located in New Jersey with the title Medpro, Inc.

12. Medpro, Inc. is a corporation solely owned by Moreno. The corporation's headquarters is Moreno house located in Evesham, New Jersey. Medpro has no employees and no inventory located in New Jersey. Moreno is strictly a salesman who works with Williams to generate sales.

13. The within court has subject matter jurisdiction over this counterclaim based on 28 U.S.C.A. § 1332(a).

14. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.


## COUNT I

15. Tringali repeats and realleges all of the allegations contained in 1 through 14 as if fully set for at length herein.

16. Tringali entered into an agreement with the defendants whereby he would be entitled to a percentage of the business and profits which were generated by his domain sites.

17. Tringali fully performed all of his responsibility of his duties in order to enforce the parties' agreements. The defendants violated the agreements by stealing the form and substance of Tringali's websites to general profits for themselves without including Tringali.

WHEREFORE, Tringali demands judgment against the defendants for breach of contract, interest and costs of suit.

## COUNT II

18. Tringali repeats and realleges all of the allegations contained in 1 through 14 as if fully set for at length herein.

19. Tringali and the defendant Williams were partners and members of a business entity in which they owed a fiduciary relationship to each other. The defendant Williams breached his fiduciary

duty to Tringali by dealing with other parties to the intentional exclusion of Tringali. The

beneficiaries of Williams' breach of fiduciary duty were Moreno and Physicians.

20. As a result of the improper conduct and activities of the defendants Tringali has

suffered monetary damages including lost profits and unrecognized equity interests.

WHEREFORE, Tringali demands judgment against the defendants for damages, interest

and costs of suit.

## COUNT III

21. Tringali repeats and realleges all of the allegations contained in 1 through 14 as if fully

set for at length herein.

22. During the court of the business, Tringali allow the business to use websites designed

by Tringali which Tringali developed and began using before his participation with the business.

Tringali also allowed the business to use the internet search capability of the Tringali websites.

Such rights of use were allowed while Tringali was involved in the business, but such rights

terminated after Tringali's involvement with the business terminated.

23. Notwithstanding Tringali's termination of his participation in the business and

terminations of the business' rights to use the websites and internet search capability, the

defendants continue to use the same. The defendants have therefore improperly converted the

websites and internet search capabilities for their own improper use and benefit.

24. After Tringali's association with the business was terminated, the business, through

the Defendants Williams and Physicians, with the intent to improperly gain a business advantage,

began using internet domain names and website addresses, and began operating under trade

names, trademarks and service marks that were nearly the same as Tringali's internet domain

names, website addresses and trade names.

25. Defendants' acts have resulted, and will continue to result in defendants' unjust enrichment. The defendants' use of such secret and confidential information has and will continue to damage Tringali's business and business interests.

26. Defendants' knew or had to know that Defendants had a duty of maintain the secrecy of Tringali's trade secrets and not use same for their benefit after the termination of Tringali.

27. Defendants' misappropriation of Tringali's trade secrets was willful and malicious.

28. Defendants' acts have resulted in and will continue to result in defendants' unjust enrichment by the use of Tringali's secret and confidential information.

WHEREFORE, Tringali

(a) Respectfully requests a preliminary injunction from further disclosing or using Tringali's confidential trade secrets;

(b) An accounting of the defendants' profits realized by the defendants as a result of the misappropriation of Tringali's trade secrets.

( c) Damages equal to the amount of profits realized by the defendants as a result of the use of Tringali's confidential and secret information.

(d) Exemplary damages for the willful, malicious misappropriation of Tringali's intellectual property and trade secrets.

## COUNT IV

29. Tringali repeats and realleges all of the allegations contained in 1 through 14 as if fully set for at length herein.

30. Tringali demands an accounting of the businesses known as Physicians Information Services, Inc. and Medpro, Inc. and the individual income derived from the businesses paid to Moreno and Williams.

I hereby certify that a true and correct copy of the foregoing Answer and counterclaim was sent by express mail on October 14, 2009 to the Clerk of the United States District Court, Southern District of New Jersey, 1 John F. Gerry Plaza, Camden, NJ 08101.


_____

RORY TRINGALI, PRO SE
48 Walter Avenue
Hicksville, NY 11801
Phone:  1 (516) 830-1470
Fax :   1 (516) 502-9757


DATED: 10/14/09

# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL MORENO, et al.,

Plaintiffs,

v.

RORY E. TRINGALI,

Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-4002 (JBS/KMW)

**PRELIMINARY INJUNCTION
ORDER**

This matter having come before the Court on a motion for an order to show cause why a preliminary injunction should not issue by Plaintiffs Michael Moreno and Medpro, Inc. [Docket Item 2]; the Court having considered the unopposed motion submissions of Plaintiffs and having held a hearing on July 23, 2014; for the reasons explained in the Opinion of today's date; and for good cause shown;

IT IS this **24th** day of **July**, **2014**, hereby

ORDERED that Plaintiffs' motion for a preliminary injunction is **GRANTED**; and it is further

ORDERED that Defendant Rory E. Tringali shall within seven (7) days of entry of this Order remove all references to Plaintiffs on the website http://justin-williams-brooke-horan-williams-laser-fraud-crooks.com and any other websites under

Defendant's control which case Plaintiffs in a negative light; and it is further

ORDERED that Defendant Tringali cease and desist from disparaging and/or defaming the Plaintiffs and/or casting the Plaintiffs in a negative light, consistent with the "Non Disparagement and Defamation" provision of the settlement agreement discussed in the accompanying Opinion; and it is further

ORDERED that Defendant Tringali cease and desist from contacting any of Plaintiffs' customers whose identity was obtained from the State as discovery in the criminal case described herein; and it is further

ORDERED that Defendant Tringali cease and desist from contacting the Plaintiffs other than through counsel; and it is further

ORDERED that Defendant Tringali stay outside a 500-yard radius of Plaintiff Moreno's home in Marlton, N.J.; and it is further

ORDERED that Defendant Tringali refrain from defaming or disparaging Plaintiffs within the business community; and it is further

ORDERED that Defendant Tringali shall within seven (7) days of entry of this Order delete any posts he created about the Plaintiffs on any websites, blogs, industry chat rooms, review,

2

etc., which cast Plaintiffs in a negative light; and it is further

ORDERED that Defendant Tringali refrain from trying to obtain, distribute or publicize any private and personal information about the Plaintiffs or Michael Moreno's family, including, but not limited to, social security numbers, bank account numbers and tax returns; and it is further

ORDERED that Plaintiffs' counsel shall serve a copy of this Order and of the accompanying Findings upon Defense Counsel by mail and upon Defendant Rory E. Tringali by certified mail and ordinary mail at his last known address.


                              s/ Jerome B. Simandle
                              JEROME B. SIMANDLE
                              Chief U.S. District Judge

# Exhibit I

**From:** rory tringali <rorytringali@me.com>
**Subject: Re: Laser Parts Source Web Site**
**Date:** January 4, 2013 11:26:13 AM CST
**To:** lasermedical007@me.com
**Cc:** Brooke Horan <laserequipmentsales@gmail.com>

I attached the some of the domain names we have

COSMETICLASERFRAUD.COM
COSMETICLASERHAIRREMOVAL.COM
COSMETICLASERHANDPIECES.COM
COSMETICLASERLAWSUITS.COM
COSMETICLASERLISTINGS.COM
COSMETICLASERMARKETING.COM
COSMETICLASERMARKETPLACE.COM
COSMETICLASEROUTLET.COM
COSMETICLASERPARTS.COM
COSMETICLASERPHOTOS.COM
COSMETICLASERPICTURES.COM
COSMETICLASERREPAIRS.COM
COSMETICLASERRESELLERS.COM
COSMETICLASERRESELLERS.NET
COSMETICLASERRESURFACING.COM
COSMETICLASERS.ME
COSMETICLASERS.MOBI
COSMETICLASERSALES.COM
COSMETICLASERSCAMMERS.COM
COSMETICLASERSDIRECT.COM
COSMETICLASERSEQUIPMENT.COM
COSMETICLASERSEQUIPMENT.NET
COSMETICLASERSFORSALE.COM
COSMETICLASERSFORSALE.NET
COSMETICLASERSSALES.COM
COSMETICLASERSUSED.COM
COSMETICLASERTECHNICIANS.COM
COSMETICLASERTRADERS.COM
COSMETICLASERTREATMENTS.COM
COSMETICLASERUSED.COM
COSMETICLASERVIDEOS.COM
COSMETICLASERWORLD.COM
COSMETICLASERWORLD.NET
COSMETICSLASERS.COM
COSMETICUSEDLASERS.COM

# Exhibit J

LATEST COMPLAINTS      SUBMIT COMPLAINT      CONTACT US

# Medpro Lasers Michael J. Moreno

Home      Complaints

Medpro Lasers Michael J. Moreno

http://njparcels.com/property/0313/11.53/7

17 TUXEDO COURT

http://njparcels.com/property/0313/11.53/7

17 Tuxedo Court is Block 11.53, Lot 7, located in Evesham
Township,
Burlington County, New Jersey.

Owner Information

MORENO, MICHAEL J & ELYSE J
17 TUXEDO COURT
MARLTON, NJ 08053



## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson
Complaint

Medpro Lasers
Michael J. Moreno

Justin/Brooke/Mike
Moreno

DOTmed Forum
Post Re: Mike
Moreno

LATEST COMPLAINTS     SUBMIT COMPLAINT     CONTACT US

# Mike Moreno Medpro Lasers

Home     Scams

Never buy a laser from Mike Moreno at Medpro Lasers!! I purchased a $52,000 2013 Alma laser, May 9th 2014, from Mike and what I recieved was a 2012 Alma laser that had broken pieces and the serial number did not even match the serial number of the laser I was suppose to receive!!! Still waiting for Mike to respond to my lawyer!
Never deal with these crooks!!!!

Scams     Leave a comment

scam

Mike Moreno     Sleek Inc, Burlington Medspa, LLC, et al

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike Moreno

LATEST COMPLAINTS       SUBMIT COMPLAINT       CONTACT US

# Mike Moreno

Home       Scams

Mike Moreno Medpro lasers ripped me for over $40,000.00 he has not refunded or resolved my issues and its been 3+ years. It is not until recently April 2014 after I posted my complaint on other websites Mike Moreno medpro lassers and Justin contact me, and DID NOTHING. He wants to sue me as i told the truth and I'm the VICTIM, DO NOT DEAL WITH HIM, contact me and I will share the truth!

Pamela Olatunji, bnatural medical spa & laser centre
LAGOS, Nigeria

Scams    Leave a comment

rip off

Medpro Lasers                    Mike Moreno Medpro Lasers

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike Moreno

# Pushy Crooked Hot Temper Salesman

Home    Complaints

Mike Moreno or Michael Moreno is a hot tempered snaky crook! I bought a laser that was supposed to have very low usage, it was delivered with well over a million pulses. He does not respond to my calls or to my emails. He promises the world and in my opinion a complete crook salesman and reading above he is connected with Justin Williams and Brooke Williams again who are involved in many civil lawsuits and recent bankruptcy filings in the state of Utah.

Medpro Cosmetic Lasers, Used Cosmetic Lasers Medpro Mike Moreno, Medpro Inc Marlton, New Jersey

MedPro, Inc. • 532 Old Marlton Pike, Suite 256 • Marlton, New Jersey, 08053-2075, U.S.A. • Mike@MedproLasers.com

Michael Moreno lives at: 23 Riding Run Drive in Marlton, NJ 1-856-797-0048

Corporate Affiliations

An online review of available nationwide Secretary of State records (excluding Delaware) and third party business reports (i.e. Dun & Bradstreet, InfoUSA, Standard & Poor's, etc.) revealed the following New Jersey business entities naming Moreno as an officer, director, member/manager, registered agent or employee.

Name: MedPro Inc
Address: 23 Riding Run Drive, Marlton, NJ
State: New Jersey
Type: Domestic Corporation

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike

LATEST COMPLAINTS     SUBMIT COMPLAINT     CONTACT US

Printed: 08/13/10 03:38:45 Page 39

3RD DISTRICT CT- SILVER SUMMIT
August 27, 2010
COURTROOM 1 Friday
01;30 PM BENCH WARRANT 106500519 Foreign Judgment
DOVE AIR INC ATTY: KEPPNER, SHANE L
VS.
WILLIAMS, JUSTIN M ATTY:
WILLIAMS, BROOKE
Printed: 08/13/10 03:38:45 Page 38

---

BENCH WARRANT 106500265 Foreign Judgment
DOVE AIR INC ATTY: KEPPNER, SHANE L
DOVE LEASING LLC
VS.
MATRIX LASER TECHNOLOGIES LLC ATTY:
INNOVATIVE MEDICAL GROUP LLC
MEDPRO
PHYSICIANS INFORMATION SERVICE

Complaints    Frauds    Lawsuits    Reviews    Scams    1 Comment

MedPro Inc. Used Cosmetic Lasers

MedPro Inc. Used Cosmetic Lasers
Used Cosmetic laser fraud – Mike Moreno

# One thought on "Pushy Crooked Hot Temper Salesman"

Nelly H                    June 22, 2014 at 7:55 pm   Reply

THEY JUST GET YOUR MONEY AND DISAPPEAR!!!
This company is a huge fraud! They owed me $40, 000
originally and now they still need to give me $27, 500 back! It
took almost a year to get that $12, 500! I purchased a laser
machine from Toronto and shipped me some garbage! I

LATEST COMPLAINTS      SUBMIT COMPLAINT      CONTACT US

# Mike Moreno Medpro Lasers

Home      Scams

Never buy a laser from Mike Moreno at Medpro Lasers!! I
purchased a $52,000 2013 Alma laser, May 9th 2014, from Mike
and what I recieved was a 2012 Alma laser that had broken
pieces and the serial number did not even match the serial
number of the laser I was suppose to receive!!! Still waiting for
Mike to respond to my lawyer!
Never deal with these crooks!!!!

Scams     Leave a comment

scam

Mike Moreno          Sleek Inc, Burlington Medspa, LLC, et al

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike Moreno

LATEST COMPLAINTS     SUBMIT COMPLAINT     CONTACT US

# MedPro Inc. Used Cosmetic Lasers

Home      Complaints

Nothing was delivered even though I paid straight away

Well, I ordered a laser from ' Mike Moreno and MedPro Inc '. It says on the website that typical "processing time" takes 2 days max. Well, every day since the date of order, I've been checking the order status under my account on the site and it said "Processing" ever since.

So, I was just thinking maybe they forgot to switch the "status" over to "shipped". So, I tried emailing and calling the number that they have posted at the top right-hand corner of their website, during their posted "open hours" and nobody answered. So, I was then thinking to myself "well, maybe they're just busy or aren't near the phone." So, I tried again 30 minutes later and still no answer. So, I left them a message telling them who I was and that I had ordered a laser from them and was just simply wanting to check on the status of my order and hung up. I waited 4 days and nobody returned my phone call so I tried calling again, but, I got the same results as before, no answer, just a pre-recorded machine picking up.

I'm getting a little worried about this. So, I will try emailing them at their so-called "support" during the next week and then I will contact BBB and other instances.

Complaints     Leave a comment

MedPro Inc. Used Cosmetic Lasers

Cosmetic laser broken. Mike Moreno.                    Next

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike Moreno

# Cosmetic laser broken. Mike Moreno.

Home        Complaints

**The laser stopped working! What to do?**

We purchased a laser from Mike Moreno and his MedPro, Inc.
Since it was used it did not cost us much, and that was a perfect
deal. But after a while we started to experience difficulties. The
laser did not work right.

We contacted the company since we thought that they would be
able to help us. A man picked up the phone, and he said that Mr.
Moreno is out of the office for some time, and he will call back
when he will return. We waited one day, then two days. No one
contacted us. Our customers became annoyed and began to
cancel their appointments. When we realized that we were losing
clients we called the office once again, but no one answered the
phone. Then we called again the next day, and it was the same.
We decided to go to the office and talk to Mr. Moreno in person,
but when we arrived there was a sign on the door "We bring our
apologies, our store will be closed for some period of time". We
got really upset since we did not know if we could take the laser
to another service to get it repaired, maybe we would not be able
to ask MedPro for help anymore after such action.

Anyway, we are stuck with the laser right now, and we don't know
what to do!

If someone can help us or provide any information – we would be
very thankful!

Complaints    Leave a comment

Cosmetic laser broken. Mike Moreno.

Used Cosmetic Lasers MedPro Inc.

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson
Complaint

Medpro Lasers
Michael J. Moreno

Justin/Brooke/Mike
Moreno

DOTmed Forum
Post Re: Mike
Moreno

# Used Cosmetic Lasers MedPro Inc.

Home        Complaints

MedPro Laser – MedPro, Inc
532 Old Marlton Pike, Suite 256, Marlton, , New Jersey, U.S.A.
Phone: 877-963-3776

Sept 2007 we purchased a very expensive cosmetic laser
system. It arrived incomplete. We were promised that the laser
would be repaired and upgraded to the level that was paid for.
More email's and phone calls than I can count promising to have
service sent out and still as of May 2009 there has been no
service. Don't trust this company to sell you a warrantied used
laser.

Complaints    Leave a comment

Used Cosmetic Lasers MedPro Inc.

Used cosmetic laser crooks lasers New Jersey
Cosmetic laser broken. Mike Moreno.

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike Moreno

LATEST COMPLAINTS     SUBMIT COMPLAINT     CONTACT US

# MedPro Inc. Used Cosmetic Lasers

Home       Complaints

I got a laser hair removal machine, January 2012 so basically 1.5
year ago and wired $40, 000 at once from Toronto. They shipped
the machine for me and after recieving it it was unusable. The
machine was not even working properly. So according to the
contract we signed we could return the laser 3 days after
receiving so we did and ask for the money back. At first they said
it's ok if you don't want the machine anymore we will send your
money back and that was the last time we could talk about it.
After that day I called many times and even texted them and
asked about my money and they only said I need to wait because
they don't have money at that time. I kept on calling for almost a
year and then I found they're not going to give my money back so
I took lawyer and ask him to be in touch with this company. My
lawyer was successful to get back $12, 500 from MedPro but
they still owe me $27, 500. I spend a lot of money on lawyer and
a lot of time but I wasn't able to get my whole money back still. I
don't think they'll give the rest so now I am looking for other
victims since I know I'm not the only one to sign a petition against
them in NJ and also Texas! at the same time my lawyer will also
put them under pressure! I don't want others to lose their money
to this scammers so PEOPLE! STAY away from this
company!!DO NOT DO BUSINESS with these people! You will
only lose your money for some useless garbage!

Complaints     Leave a comment

000 and didn't give me back     Mike Moreno took $40

MedPro, Inc Sold a $80,000 defective cosmetic laser, Marlton
New Jersey – cosmetic laser fraud Rock Hill South Carolina

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson
Complaint

Medpro Lasers
Michael J. Moreno

Justin/Brooke/Mike
Moreno

DOTmed Forum
Post Re: Mike
Moreno

LATEST COMPLAINTS        SUBMIT COMPLAINT        CONTACT US

# MedPro, Inc Sold a $80,000 defective cosmetic laser, Marlton New Jersey – cosmetic laser fraud Rock Hill South Carolina

Home        Frauds

Sept 2007 we purchased a very expensive cosmetic laser system. It arrived incomplete. We were promised that the laser would be repaired and upgraded to the level that was paid for. More email's and phone calls than I can count promising to have service sent out and still as of May 2009 there has been no service. Don't trust this company to sell you a warrantied used laser.

Frauds        Leave a comment

defective cosmetic laser

Miomedical- Aerolase Lightpod Neo Laser never received
MedPro Inc. Used Cosmetic Lasers

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike

LATEST COMPLAINTS        SUBMIT COMPLAINT        CONTACT US

# Medpro Charged Me $40,000 For A Broken Laser.

Home        Frauds

They charged me $40,000 for a broken laser machine and then claimed that it's happened during shipment! This company is a big fraud!!!! There are so many other victims as well!!! it's been now 2 years that I'm trying to get money back but they never take phone calls and answer you!! My lawyer will sue them in near future and I'm ready to spend money on lawyers since I hate feeling of being ***. I'm even thinking of a petition in Texas and New Jersey against them!!!

Here I tell you what exactly happened!

I was looking for a second hand laser hair removal so I found Medpro website. They had a refurbished laser hair removal machine for $40,000. I emailed them and contacted them through my assistant and then they sent me a contract, so I signed it. According to our contract I could return the machine 3 days after receiving.

I received the machine which was broken and totally useless so I contacted Medpro and asked them if I can return them based on our agreement so they said there's no problem and they'll return my money which I wired completely before I get the machine.

So that was basically the last time I could talk to them. After that they ignored my calls and just said they don't have money and will pay me as soon as they get money so I waited since January 2012 then I found they are a big fraud company and there are so many other victims! My lawyer could get $12,500 but they still need to pay $27,500 and I'll do everything to make them pay my money!!

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike

LATEST COMPLAINTS        SUBMIT COMPLAINT        CONTACT US

# Owing funds Medpro mike Moreno Justin

Home        Complaints

We've been trying to get in contact with you for over a year now in regards to the money that you owe me which is thirty thousand dollars. Not only has it taken you a year to make this payment but I have returned the machine back to you a year ago. So you not only got your machine back but your not even giving me what's rightfully mine. Money doesn't grow on trees. I put my good faith in your company and this is how you repay clients? It's rediculous that I have to wait this long. You have till the end of October of 2013 to make the full payment. Anyways I'm hoping you will do the right thing and not let matters escalate.

Complaints    Leave a comment

Jonathan Med pro    Mike Moreno

DOTmed Forum Post Re: Mike Moreno

Mike Moreno, Justin Williams, Troy Johnson

## Leave a Reply

Your email address will not be published. Required fields are marked *

Your Name

## COMPLAINTS CATEGORIE

Complaints (14)

Frauds (7)

Lawsuits (2)

Reviews (1)

Scams (7)

## RECENT COMPLAINTS

Troy Johnson Complaint

Medpro Lasers Michael J. Moreno

Justin/Brooke/Mike Moreno

DOTmed Forum Post Re: Mike